UNITED STATES (NINETY–FIVE BALES OF PAPER v.). See Case No. 10,274.

---

## Case No. 15,888.

UNITED STATES v. NINETY–FIVE BARRELS OF DISTILLED SPIRITS.

[8 Int. Rev. Rec. 105.]

Circuit Court, E. D. New York. 1868.

---

## Case No. 15,889.

UNITED STATES v. NINETY–FIVE BARRELS OF DISTILLED SPIRITS.

[12 Int. Rev. Rec. 123.]

District Court, D. Massachusetts. Sept. Term, 1870.

INTERNAL REVENUE — STAMPING AND BRANDING CASKS—FORFEITURE.

1. Wholesale dealers are bound to "cause" their casks to be stamped and branded in the cases which come under sections 25 and 47 of the act of July 20, 1868 (15 Stat. 136, 144).

2. A knowing and wilful failure to comply with section 25 will cause a forfeiture of the goods by virtue of section 96, because no other penalty or punishment is anywhere provided for such failure. Otherwise with a neglect of the requirements of section 47, because that section provides a penalty for a breach thereof.

[Cited in U. S. v. 4,800 Gallons of Spirits, Case No. 15,153; U. S. v. 1,412 Gallons Distilled Spirits, Id. 15,960.]

LOWELL, District Judge. The demurrer to this information raises two points: (1) Whether. under statute of July 20, 1868, it is the duty of wholesale dealers, etc., to cause their casks to be stamped in the cases mentioned in sections 25 and 47; (2) whether their neglect to do so will work a forfeiture of these goods under section 96. See 15 Stat. 136, 144, 164.

The first question has been answered in the affirmative by two judges in U. S. v. One Rectifying Establishment [Case No. 15,952], and U. S. v. One Hundred and Thirty-Three Casks, etc. [Id. 15,940]; and in the negative by one in U. S. v. Thirty-Seven Barrels, etc. [Id. 16,466].

I consider the question a nice one, but on the whole incline to the former opinion. It is true that the government gauger is to do the work; but he cannot in fact do it nor be held responsible for its neglect unless the owner shall notify him when and where to do it. Then, considering the peculiar language of section 96, which punishes the wilful neglect to do or cause to be done any of the things required by law in the carrying on or conducting of the business, which last phrase, "cause to be done," seems to refer to acts which the owner is not to do personally nor by his mere agent, and that this phrase is dropped presently when the section speaks of doing prohibited acts; and considering that these are civil penalties, it seems to me that section 96 imposes these penalties on the owner who wilfully neglects or omits to see to it that the business is properly conducted, in accordance with the act. If he has notified the officer, and the real neglect is on the part of the latter, the case would fail.

As no penalty or punishment is imposed on wholesale dealers nor on their property for neglect of the things required by section 25, it follows that if a wilful neglect is made out under that section, the forfeiture is incurred, by the general words of section 96.

Not so with section 47, which forfeits the casks or packages, and those only which are without the marks required by that section. Here is a penalty imposed, and section 96 applies only to acts or omissions for which no penalty or punishment is imposed by any other section. It is argued that section 96 is to be divided, and to read thus: If no other penalty or punishment is imposed, there shall be a penalty of $1,000; and the offenders, whether punishable under any other section or not, shall forfeit their gooods.

There is no sufficient ground for so distorting the words of the act. The whole paragraph is connected, and the qualification extends to the pecuniary penalty and to the forfeiture. The language is so clear and explicit, that any paraphrase is rather likely to obscure it than to make it more plain. It means: If there be any wilful omission, and no other penalty or punishment has been provided, then we impose this payment and forfeiture. It was argued that the forfeiture of the unmarked goods imposed by section 47 is neither a penalty nor a punishment; but the statute often uses "penalty" and "forfeiture" interchangeably, as where it says the distiller shall forfeit the sum of, etc., and in other places, shall pay a penalty, etc.; and besides, a forfeiture is a penalty, and is so treated by section 96 itself. . I have carefully read a charge to the jury reported to have been given in Quantity of Distilled Spirits [Case No. 11,495], which if correctly given,[1] which I take leave to doubt, seems to hold that these penalties are imposed for all wilful acts and omissions in addition to the penalties imposed for the same acts and omissions if not wilful. Now, in the first place, it is very doubtful whether "knowingly" and "wilfully," in section 96, qualify anything but neglects, omissions, and refusals. I am inclined to think they do not, and that the careful qualification as to mere neglects that they must be knowing and wilful, and which much strengthens the argument on the first point, is purposely omitted when prohibited acts are spoken of, which are personal and must be presumed to be wilful. But however this may be, I cannot believe that congress intended to forfeit one thousand dollars and the stock in trade for the same acts and omissions for which it had already denounced a great variety of punishments, some much larger and including the same goods, and some much less, and amounting to only a very small fine. Indeed, if there were no express reservation of previous penalties, there would be a necessary contradiction in saying that the stock should be forfeited for an act or omission for which already a different penalty had been established. It might in such a case be necessary to adopt the later section as overruling the former; but this is a rude and artificial contrivance, not to be adopted except in the last resort, from which we are relieved by the clear language of section 96. In this construction I am supported by the deliberate judgments of two learned judges in the cases first above cited, to which I am happy to be able to refer. U. S. v. One Rectifying Establishment [Case No. 15,952], and U. S. v. One Hundred and Thirty-Three Casks [Id. 15,940].

The demurrer to the second count is sustained, to the first count overruled.

[NOTE. The parties having reformed the pleadings, the claimant filed a second demurrer, and on the hearing of the cause, the demurrer was sustained on both counts. Case No. 15,-890.]

---

[1] It was correctly given.